**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGEL ALCANTARA RODRIGUEZ,
AKA Angel Alcantara,

            Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.    18-70590

Agency No. A088-724-176

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Angel Alcantara Rodriguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ's") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and voluntary departure, and his request for a continuance of removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Because Alcantara Rodriguez does not challenge the determinations that his asylum application was untimely, that he failed to show a clear probability of future persecution, and that he failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico, these issues are waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to his asylum, withholding of removal, and CAT claims.

We lack jurisdiction to consider Alcantara Rodriguez's contentions that the IJ violated his right to due process by failing to obtain a knowing and voluntary waiver of his right to counsel and denying him a full and fair hearing because he failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

18-70590

The IJ did not abuse her discretion in denying another continuance where Alcantara Rodriguez failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors considered in reviewing the denial of a continuance).

We lack jurisdiction to review the discretionary determination that Alcantara Rodriguez did not merit a grant of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-70590